UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No.: 2:12-CR-039
)
WILLIAM A. GREENE )

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's motion for sentence reduction [doc. 388]. Through counsel, the defendant asks the court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G."). The government has responded in partial opposition to the motion [doc. 392] but ultimately defers to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons that follow, the defendant's motion will be granted but only in part.

## I. Authority

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). One such exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

If the court finds a defendant eligible for sentence reduction, "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. background (2016) (emphasis added).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court must first identify "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S.S.G. § 1B1.10(b)(1) (2016). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S.S.G. app. C, amend. 782 (2014).

Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the court "shall leave all other guideline application decisions unaffected." *See* U.S.S.G. § 1B1.10(b)(1) (2016). The court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[1] In addition, the commentary to guideline 1B1.10 provides that a court must also consider the § 3553(a) sentencing factors and the danger to the public created by any reduction in a defendant's sentence. *See id.* cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *See id.*

## II. Factual Background

By judgment dated November 26, 2012, this court sentenced the defendant to a 96-month term of imprisonment as to Count One (a methamphetamine conspiracy). The defendant's guideline range was 120 to 150 months, based on a total offense level of 27 and a criminal history category of V.

Prior to sentencing, the United States filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. The court granted the motion and departed downward to

[1] Guideline 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). That is the case here.

100 months, a reduction of 17 percent from the bottom of the guideline range. The court then adjusted the defendant's sentence downward by an additional four months to account for time spent in state custody on an undischarged but related term of imprisonment, pursuant to U.S.S.G. § 5G1.3(b)(1). According to the Bureau of Prisons, the defendant is presently scheduled for release on August 7, 2019.

**III. Analysis**

Applying Amendment 782, the defendant's new guideline range is 100 to 125 months, based on a total offense level of 25 and a criminal history category of V. Thus, the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.

The court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the court has considered the danger to the public as the result of any reduction in the defendant's sentence, the seriousness of the defendant's offense, the defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii).

The defendant moves for a reduced sentence of 79 months, asking both for a commensurate 17 percent substantial assistance reduction from the bottom of the new guideline range and a four-month 5G1.3(b)(1) downward adjustment. The United States counters that the defendant is not entitled to a reduction below 83 months because his new sentence cannot be less than the bottom of the new guideline range except for reasons pertaining to substantial assistance. Having considered the above-cited factors

and the arguments of the parties, the court concludes that neither a 79- nor an 83-month sentence is warranted in this case.

The defendant was only 26 years old on the date of sentencing yet had already accumulated a criminal history category of V. His background also includes numerous probation violations, contempt of court, and failures to complete court-ordered drug programs. This court is now disheartened to learn that the defendant has received three disciplinary sanctions from the Bureau of Prisons in 2016, most recently for use of drugs or alcohol. Those infractions, combined with the defendant's prior convictions, his history of noncompliance, and his long-term polysubstance abuse, are a serious concern.

Conversely, the defendant has devoted more than 2,000 hours to an office manager apprenticeship while in Bureau of Prisons custody. For that he is commended.

While the court has considered all of the applicable 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10 factors, it is specifically noted that the defendant's misconduct while incarcerated - paired with his history and characteristics - reinforces the need to promote respect for the law, adequately deter criminal conduct, and protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(2). As noted above, "[t]he authorization of . . . a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." U.S.S.G. § 1B1.10 cmt. background.

## IV. Conclusion

For the reasons stated herein, the defendant's motion for sentence reduction [doc. 388] is **GRANTED IN PART**. His term of imprisonment is reduced to **86 months**. This

sentence is less than the new guideline range and is authorized by the United States' substantial assistance motion and U.S.S.G. § 1B1.10(b)(2).

Except as provided above, all provisions of the judgment dated November 26, 2012, shall remain in effect.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge